OPINION
Defendant-appellant, Max A. Jordan, appeals from the judgment of the Marysville Municipal Court, Union County, which denied his motion to suppress evidence.
On September 26, 1999, defendant was charged with failure to wear a safety belt, operating his vehicle without reasonable control, driving while under the influence of alcohol, and driving with a prohibited breath alcohol concentration (.149). Defendant filed a motion to suppress "all evidence flowing from the unlawful stop and/or arrest." Defendant also filed a motion to suppress the results of the breath alcohol test administered following his arrest.
At the evidentiary hearing held only upon defendant's motion as to probable cause to arrest, it was revealed that Deputy Sheriff Bidlack, Jr., of the Union County Sheriff's office was dispatched to the scene of a single car accident on September 26, 1999 at 9:21 p.m. While investigating this accident involving defendant's vehicle, the deputy noted a "very strong, very noticeable" odor of alcohol on defendant's person. The deputy then asked whether defendant had been drinking. Defendant admitted he had consumed three beers. Defendant was subsequently asked to perform three field sobriety tests. Defendant did perform "rather well" on the tests, but he lost his balance while turning as he performed the walk-and-turn test. Further, the deputy testified that during the horizontal gaze nystagmus test, he observed distinct nystagmus at maximum deviation. Defendant was arrested and charged as indicated above.
After his motion to suppress was denied, the defendant entered a plea of no contest to the breath alcohol concentration charge. The trial court found defendant guilty of the charge.
Defendant now appeals, raising the following assignment of error:
 The trial court erred in overruling appellant's motion to suppress and thereby deprived appellant of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution, as the officer lacked probable cause to arrest appellant.
 Defendant argues that the trial court erred by overruling his motion to suppress because Deputy Bidlack did not have probable cause to arrest him for operating a motor vehicle while under the influence of alcohol.
A determination that there was probable cause for defendant's arrest depends upon whether, at the time of the arrest, all the facts and circumstances within the deputy's knowledge were sufficient to cause a prudent person to believe that the defendant had committed an offense. State v. Cruzen (Sept. 27, 1994), Logan App. No. 8-94-3, unreported, 1994 WL 530673, at *2, citing Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.
Defendant maintains that the facts of this case were insufficient to support a finding of probable cause to arrest him. The record reveals that at the time of defendant's arrest, Deputy Bidlack had investigated the scene of an accident in which it appeared that defendant's vehicle went off the right side of the road, he then overcorrected causing the vehicle to cross the roadway off the left side, strike a utility pole, and continue on for another few feet before rolling over an unknown number of times. The nature of this accident would indicate impaired driving consistent with driving under the influence of alcohol. In addition to the deputy's knowledge of the accident, the deputy observed defendant's strong odor of alcohol, as well as defendant's admission he had consumed three beers. Based on these observations, the deputy administered the field sobriety tests. Although defendant did pass the tests, the evidence established that the walk-and-turn test detected one out of two possible clues and the horizontal gaze nystagmus test detected two out of six possible clues. We find that these specific facts and circumstances provided Deputy Bidlack with probable cause to arrest defendant for operating a vehicle while under the influence of alcohol.
Defendant's assignment of error is without merit and is overruled. The judgment of the Marysville Municipal Court is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 BRYANT and WALTERS, JJ., concur.